UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT STEVEN YOWELL,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>Respondents. | Case No. 3:15-cv-00318-MMD-WGC<br><br>ORDER |

Petitioner has submitted an application to proceed *in forma pauperis* (dkt. no. 1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion for appointment of counsel, and a motion to extend prison copywork limit. The Court finds that petitioner is unable to pay the filing fee, and the court grants the application. The Court has reviewed the petition. Petitioner is unable to afford counsel, and the Court finds that appointment of counsel would be useful in this case. *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner's motion to extend prison copywork limit is moot because from now on counsel will be representing petitioner.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the motion for appointment of counsel, and the motion to extend prison copywork limit.

It is further ordered that petitioner's motion for appointment of counsel is granted. The federal public defender is provisionally appointed to represent petitioner.

It is further ordered that the federal public defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the Court his inability to represent petitioner in these proceedings. If the federal public defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus. If the federal public defender is unable to represent petitioner, then the Court shall appoint alternate counsel.

It is further ordered that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

It is further ordered that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve both the attorney general of the State of Nevada and the federal public defender a copy of the petition and a copy of this order.

It is further ordered that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

It is further ordered that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Las Vegas.

///
///
///
///

It is further ordered that petitioner's motion to extend prison copywork limit is denied as moot.

DATED THIS 1st day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE