UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT STEVEN YOWELL,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:15-cv-00318-MMD-WGC

ORDER

I. **INTRODUCTION**

Before the Court are the second amended petition for writ of habeas corpus (ECF No. 23), respondents' motion to dismiss (ECF No. 34), petitioner's opposition (ECF No. 47), and respondents' reply. (ECF No. 52.) The Court finds that some of petitioner's grounds are untimely. The Court grants the motion in part.

II. **RELEVANT BACKGROUND**

On October 12, 2009, the state district court entered a judgment of conviction for one count of robbery with the use of a deadly weapon, one count of first-degree kidnaping with the use of a deadly weapon, and one count of sexual assault with the use of a deadly weapon. (Exh. 58 (ECF No. 13-19).) Petitioner appealed, and the Nevada Supreme Court affirmed on November 8, 2010. (Exh. 66 (ECF No. 13-27).) The judgment of conviction became final with expiration of the time to petition for a writ of certiorari, on February 7, 2011.

Petitioner filed a post-conviction habeas corpus petition in the state district court on January 21, 2011. (Exh. 68 (ECF No. 13-29).) This petition immediately tolled the

federal one-year period upon the period's commencement. The state district court quashed the petition. (Exh. 70 (ECF No. 13-31).) On appeal, the Nevada Supreme Court remanded for an evidentiary hearing on the claim that trial counsel provided ineffective assistance by not investigating and not objecting to the admission of a photographic lineup. (Exh. 74 (ECF No. 13-35).) Petitioner filed a supplemental petition. (Exh. 77 (ECF No. 14).) The state district court held an evidentiary hearing. (Exh. 79 (ECF No. 14-2).) The state district court then denied the petition. (Exh. 80 (ECF No. 14-3).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 84 (ECF No. 14-7).) The Nevada Supreme Court denied rehearing on April 10, 2014. (Exh. 86 (ECF No. 14-9).) The Nevada Supreme Court denied *en banc* reconsideration on June 20, 2014. (Exh. 88 (ECF No. 14-11).) Remittitur issued on July 15, 2014. (Exh. 89 (ECF No. 14-12).)

### III. DISCUSSION

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the

post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Petitioner effectively commenced this action on June 12, 2015, when he mailed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) to the Court.[1] This petition was filed 332 non-tolled days after the judgment of conviction became final, and it was timely. The amended petition (ECF No. 11) and the second amended petition (ECF No. 23) were filed after expiration of the one-year period. The grounds in the second amended petition need to relate back to grounds in the initial petition to be timely, under Rule 15(c) of the Federal Rules of Civil Procedure. An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix,* 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." *Id.* at 664.

The Court agrees with respondents that Claims One, Two, Seven, Eight, and Nine do not relate back to the initial petition. None of the facts in these claims appear in the body of the initial petition. The Court is not persuaded that the attachments to the initial petition, which contain some of the facts alleged in these claims, are incorporated by reference. Rule 10(c) of the Federal Rules of Civil Procedure states:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

---

[1] Petitioner stated in the space provided on the petition form that he mailed the petition on May 31, 2015, but that date is not possible. Petitioner mailed the petition together with an application to proceed *in forma pauperis* (ECF No. 1) and a motion for appointment of counsel (ECF No. 3). A prison officer certified the balance of petitioner's inmate account on June 10, 2015. Petitioner himself certified service of the motion for appointment of counsel June 12, 2015. Therefore, petitioner could not have mailed the petition any earlier than June 12, 2015. In any event, this does not make a difference in the Court's analysis of timeliness. The initial petition was timely no matter what date petitioner mailed it.

3

It does not matter whether the documents to which petitioner now refers are "written instruments" within the meaning of the rule or whether they simply are exhibits. A rule that allows incorporation of documents by reference necessarily requires the pleader to actually refer to those documents. Petitioner made no reference to the documents attached to the initial petition. Petitioner's argument would mean that the Court would need to construct grounds for relief on petitioner's behalf. Rule 10(c) does not require that, and the Court will not do it.

Claim Three alleges that trial counsel provided ineffective assistance because trial counsel did not retain an expert witness on eyewitness testimony. Petitioner argues that this claim relates back to Ground One of the initial petition. In that ground, petitioner alleged:

> The six pack photographic lineup (SEE EX. 1) was a compilation of subjects with no identity in common as initially given in a 911 call by witness accuser on July 17, 2006. It is noteworthy that suspect #5, the petitioner, was a photo several years old and was not the photo mug shot taken on the date of the alleged identification of the perpetrator and subsequent mug shot taken on said day.
>
> Accordingly, no challenge was brought forth from trial, or post conviction counsel to present fairly to the jury the factual identification of the petitioner at the time of the inciting incident, rather the challenge was central to the lineup process being unfairly conducted by Detective McGrath and the sixpack was suggestive and unfair.

(ECF No. 1 at 3-4.) The only similarity that Claim Three has with Ground One is the photographic identification array. Nothing in Ground One of the initial petition hints at the existence of an expert witness on eyewitness identification, let alone the findings that the expert would have made. The failure to call an expert witness to testify about the infirmities of eyewitness identification is different from the failure to move to exclude the photographic identification array. *See Felix,* 545 U.S. at 650. Claim Three does not relate back, and it is untimely.

Claim Four and Five are related. Claim Four alleges that trial counsel provided ineffective assistance because trial counsel failed to move to preclude admission of the photographic identification array. Claim Five alleges that the trial court erred in admitting

4

the photographic identification array. Claims Four and Five of the second amended petition share a common core of operative fact with Ground One of the initial petition, quoted above, and they relate back. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013). However, to the extent that Claims Four and Five refer to the untimely Claim Three, as discussed below, respondents need not answer those parts of Claims Four and Five.

Claim Six of the second amended petition alleges that the trial court erred when it rejected a jury instruction proffered by the defense regarding eyewitness identification. Petitioner unpersuasively argues that this claim relates back to Ground One of the initial petition. However, Claim Six differs from Ground One both in time and type. Admission of the photographic lineup into evidence is not the same as the trial court's rejection of a proffered instruction that occurred after the close of evidence. Claim Six does not relate back.

In Claim Ten of the second amended petition, petitioner argues that the prosecution failed to collect DNA evidence from petitioner's body, which he claims would have shown that he had no contact with the victim. The Court is not persuaded that this claim relates back to Ground One of the initial petition. In Ground One, petitioner claims that his DNA was not found on the victim. (ECF No. 4 at 4.) The DNA, the person, and the location all differ from the facts alleged in Claim Ten. The Court also is not persuaded that this claim relates back to Ground Two of the initial petition. In Ground Two, petitioner alleged that "ample DNA and forensic evidence existed to rebut, or put the states case of a meaningful adversarial challenge." *Id.* at 8. Petitioner did not allege what that DNA evidence was, nor did he allege how that evidence would have rebutted or challenged the prosecution's case. Petitioner is asking the Court to rule that a detailed claim in the second amended petition regarding the failure to take a DNA sample from petitioner relates back to the mere mention of DNA in the initial petition. Such a ruling would make *Mayle v. Felix* a nullity, because it would allow anything to relate back to vague statements in an earlier petition, and the more vague the statement, the more expansive it would be

1 for relation back purposes. The Court would not hesitate to rule that a claim of ineffective assistance of counsel filled with detailed facts does not relate back to a bare claim of ineffective assistance in an earlier petition. *See Schneider v. McDaniel,* 674 F.3d 1144, 1151-52 (9th Cir. 2012). The same rule applies in this situation. Claim Ten does not relate back to the initial petition.

Claim Eleven alleges that evidence was insufficient to support the verdicts. Petitioner presented an insufficient-evidence claim in Ground Two of the initial petition, but it did not include all the facts that he now presents in Claim Eleven. Specifically, petitioner includes the facts that he includes in Claims Nine and Ten, which do not relate back to the initial petition and are untimely. Claim Eleven does not relate back to the initial petition.[2]

Petitioner argues that the Court should excuse the operation of the statute of limitations because he is actually innocent. That argument is, in full:

> Yowell is innocent of the convictions at issue in this case. The most compelling evidence of his innocence is Yowell's testimony during his sentencing hearing, as well as the district court's finding and subsequent litigation regarding his competency to even stand trial or be sentenced for the underlying conviction. The weakness of the eyewitness testimony and the highly suggestive photographic lineup also support Yowell's claim of innocence.

(Opposition at 24 (ECF No. 47 at 32).)

Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo,* 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623

---

[2]Respondents also argue that Claim Eleven incorporates facts from Claims Four and Five, but the Court has determined that Claims Four and Five relate back to the initial petition. Technically, that part of Claim Eleven could survive. However, with the rest of Claim Eleven eliminated, it would be redundant to the allegations in Claim Five that the photographic array was highly suggestive.

6

1  (1998). Regarding competency, petitioner appears to be referring at what would have
2  been the sentencing hearing on April 9, 2007, when his statements to the court flew into
3  fantasy. (Exh. 29 at 6-10 (ECF No. 12-7 at 7-11).)

The most favorable interpretation for petitioner that the Court could give would be that petitioner was not competent at the time of sentencing. However, incompetence at sentencing does not mean that petitioner did not commit the crimes. Petitioner also argues that the eyewitness testimony was weak, but that only is an argument that the jury should find him not guilty. Petitioner's conclusory argument does not show that the eyewitness testimony was so weak that no reasonable juror would find him guilty. *See Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000). Petitioner has not demonstrated actual innocence.

Respondents argue that petitioner has not exhausted his state-court remedies for all of the claims in the second amended petition. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The Court will not address the arguments that Claims One, Two, Six, Seven, Eight, Nine, Ten, and Eleven are unexhausted. The Court already is dismissing those claims because they are untimely. As for Claims Four and Five, the additional facts that petitioner presents in the second amended petition do not fundamentally alter the claims that petitioner presented to the state courts. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Respondents also argue that Claim Four is not exhausted to the extent that petitioner claims that the Fifth Amendment was violated, because petitioner never mentioned the Fifth Amendment in the state-court proceedings. The Court accepts petitioner's representations that he is invoking only the due process clause of the Fifth Amendment,

7

which is the same legal theory as the due process clause of the Fourteenth Amendment. (Opposition at 28 (ECF No. 47, at 36).) Claims Four and Five are exhausted.

Respondents also argue that Claims Nine and Ten are procedurally defaulted. The Court will not address this argument because the Court already is dismissing these claims as time-barred.

Respondents have filed a motion to file pleading in excess of pages (ECF No. 51). The Court grants this motion. Furthermore, a little more than a month after respondents filed their motion, the Court amended the local rules to put a limit of 30 pages on reply briefs in non-capital habeas corpus cases. LSR 3-2(b). Respondents' reply (ECF No. 52) complies with the new page limit.

**IV. CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (ECF No. 34) is granted in part. Claims One, Two, Three, Six, Seven, Eight, Nine, Ten, and Eleven of the second amended petition (ECF No. 23) are dismissed with prejudice because they are untimely.

It is further ordered that respondents' motion to file pleading in excess of pages (ECF No. 51) is granted.

It is further ordered that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 29th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE