UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT STEVEN YOWELL,

    Petitioner,

v.

ISIDRO BACA, *et al.,*

    Respondents.

Case No. 3:15-cv-00318-MMD-WGC

ORDER

This represented habeas matter by Petitioner Robert Steven Yowell ("Petitioner" or "Yowell") under 28 U.S.C. § 2254 is pending for a decision on the merits of the two remaining grounds. Following review, the Court finds that oral argument would assist the Court in addressing Yowell's petition. The Court notes the issues relating to the remaining two grounds, as well as the specific points that the parties should be prepared to address.

## I.    ISSUES PERTAINING TO GROUND 4

In Ground 4, Yowell alleges that he was denied effective assistance of trial counsel when counsel failed "to move to preclude the admission of the highly suggestive photographic lineup and identification procedure." (ECF No. 23 at 44–46; ECF No. 58, at 12–15.)

It appears that the state supreme court's decision affirming the rejection of the related claim presented in the state courts arguably was based in large part upon the premise that "even if counsel successfully objected and precluded the admission of the photographic lineup, 'the jury would still have heard the unequivocal and uncontradicted identification of [Yowell] as the man that had abducted the victim from Wal-Mart and raped her.'" (ECF No. 14-7 at 3 (bracketed material in original).) However, this premise would

///

appear to be contrary to clearly established federal law as determined by the United States Supreme Court.

Under controlling Supreme Court precedent, when the police have used an unnecessarily suggestive pretrial identification procedure, "reliability is the linchpin in determining the admissibility of identification testimony" under the Due Process Clause. *See Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). Courts considering a claim that admission of identification evidence violates due process apply multiple factors outlined in *Neil v. Biggers*, 409 U.S. 188 (1972), to determine the reliability of the identification evidence under a totality of the circumstances standard. *Id.*; *see also id.* at 110–11, 113–14.

Critically, this same reliability standard governs the admissibility of *both* the initial identification *and any subsequent in-court identification*. As the Supreme Court explained in a case where the question was whether the pretrial identification *also* should be excluded *in addition to* any subsequent in-court identification:

> Some general guidelines emerge from [our prior] cases as to the relationship between suggestiveness and misidentification. It is, first of all, apparent that the primary evil to be avoided is 'a very substantial likelihood of irreparable misidentification.' *Simmons v. United States*, 390 U.S., at 384, 88 S.Ct., at 971. While the phrase was coined as a standard for determining whether *an in-court identification* would be admissible *in the wake of a suggestive out-of-court identification*, with the deletion of 'irreparable' it serves equally well as a standard for the admissibility of testimony concerning the out-of-court identification itself. *It is the likelihood of misidentification which violates a defendant's right to due process*, and it is this which was the basis of the exclusion of evidence in *Foster* [*v. California*, 394 U.S. 440 (1969)]. Suggestive confrontations are disapproved *because they increase the likelihood of misidentification*, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous. . ..

*Biggers*, 409 U.S. at 198 (with emphasis added and footnote deleted).

Thus, if following an unnecessarily suggestive pretrial identification procedure the challenged identification is reliable under the totality of the circumstances, "then testimony as to *it and* any identification in its wake is admissible." *Brathwaite*, 432 U.S at 110 n.10 (emphasis added). And the converse also is true. In *Brathwaite*, both the majority and the

dissent understood that "*Biggers* . . . clearly adopts the reliability of the identification as the guiding factor in the admissibility of *both* pretrial and in-court identifications." *Id.* at 105 n.9 (emphasis added) (the dissent believed that *Biggers* thereby departed from prior law; the majority instead that it synthesized it). Consistent with the foregoing, it was the admissibility of the *in-court* identification evidence that followed an allegedly suggestive pretrial identification procedure that was at issue in *Simmons, supra*, and *Coleman v. Alabama*, 399 U.S. 1 (1970). *Id.* at 105 n.8. And in *Foster, supra*, the Supreme Court reversed and remanded on a successful due process challenge where both the pretrial suggestive identification and the subsequent in-court identification evidence were admitted at trial. *Id.*

In short, there is no dichotomy under the governing Supreme Court caselaw where the suggestive pretrial identification is excluded on a successful due process challenge— which was a premise assumed by the state supreme court in rejecting the claim–while later in-court identifications still are admitted. The admissibility of both are governed by the same standard, in a single analysis that controls the admissibility of *all* of the identification evidence. The Due Process Clause prevents *all* identification evidence– including in-court identification evidence by the witness—reaching the jury after an unnecessarily suggestive police pretrial identification procedure has created an undue likelihood of misidentification (*i.e.,* unreliable identification evidence), which taints *all* following identification evidence by the prospective witness. That had been the law going back continuously for over forty years before the state supreme court's February 13, 2014, decision on Yowell's postconviction appeal. *Accord United States v. Domina*, 784 F.2d 1361, 1367–68 (9th Cir. 1986); *United States v. Bagley*, 772 F.2d 482, 491–94 (9th Cir. 1985).[1]

---

[1]Respondents posit–notwithstanding the state courts' conclusion that trial counsel rendered deficient performance in failing to object to the lineup–that trial counsel engaged in a reasonable trial strategy of not objecting to the photo lineup evidence so that he could use the lineup evidence to challenge the competency of the police investigation, and presumably also the witness' in-court identifications. (*See* ECF No. 55 at 14–15; *see also* ECF No. 13-30 at 5.) Any such alleged trial strategy—based upon a premise that a

3

The state supreme court's explicit acceptance of a premise that only the photo lineup evidence would have been excluded on a successful due process challenge while the subsequent in-court identifications would have been admitted thus appears to be contrary to clearly established federal law as determined by the Supreme Court.

However, proceeding to a decision on federal habeas review based upon a holding to that effect would appear to be problematic on the existing record and arguments for multiple reasons.

*First*, Yowell does not appear to argue here that the state supreme court's decision was contrary to clearly established federal law on this basis. Yowell does argue that the state court decision was contrary to clearly established federal law because the decision did not explicitly discuss each one of the *Biggers* factors. (*See* ECF No. 58 at 11–12, 15.) But he does not appear to argue that the state court decision was contrary to clearly established federal law on the potential basis discussed herein.

*Second*, Yowell did not argue in the state courts that it was contrary to Supreme Court precedent to proceed on the premise that the in-court identification testimony still would have been admitted following a successful due process challenge to the photo lineup. When the state presented this premise in the state district court, state postconviction counsel did not challenge the premise; and he instead appeared to implicitly accept the premise as a potentially valid one. (*See* ECF No. 14-2 at 22–24, 91–92, 95–100.) And after the state district court accepted this premise in its rulings, state postconviction counsel did not challenge the district court's fundamental legal error either

---

successful due process challenge would have excluded only the photo lineup and not also any in-court identification testimony—instead would appear to be inherently deficient because it was based upon an erroneous understanding of the governing Supreme Court law. *See* discussion *supra*. Failing to challenge the photo lineup for the alleged strategic reason advanced by Respondents thus arguably would represent the epitome of ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). There was no scenario where trial counsel should have been concerned that he would successfully exclude the photo lineup but not also the in-court identifications. Under the governing law, either all of the identification evidence is in, or it is all out. *See also Brathwaite*, 432 U.S. at 113 n.14 & 116 (speaking to what occurs following an *un*successful objection); *Simmons*, 390 U.S. at 384 (similar).

4

in the lower court or in his postconviction appeal briefing. (*See id.* at 104–06; ECF No. 14-3 at 6–7; ECF No. 14-4 at 5–6, 10–13, 22–25, 29–33; ECF No. 14-8; ECF No. 14-10.) Yowell thus never presented an argument to the state supreme court that it was fundamental error under the governing Supreme Court caselaw to accept the state district court's premise that the in-court identification evidence still would have been admitted after a successful due process objection to the photo lineup.[2]

Given state postconviction counsel's failure to argue the point in either the state district court or state supreme court, it would be problematic to fail to uphold a state court merits adjudication on deferential AEDPA review based upon an argument that Yowell never made to the state courts. *Cf. Sexton v. Boudreaux*, 138 S.Ct. 2555, 2560 (2018) (in the context of a summary state court merits adjudication).

*Third*, indeed, it does not appear that any *claim* ever was presented to the state courts that trial counsel was ineffective for failing to object to the pretrial identification *and the victim's in-court identifications* under the Due Process Clause.

State postconviction counsel instead alleged, continuously throughout the state court proceedings, that trial counsel was ineffective for failing to object only to the photo lineup evidence itself, without ever alleging that defense counsel was ineffective for failing to object instead to *all* of the identification evidence on due process grounds. (*See, e.g.*, ECF No. 14 at 7, lines 21–25; 14, lines 6–7; 16, lines 4–7, 14–15 & 25–27; & 17, lines 5–6; ECF No. 14-4, at 5–6 & 10–13*; see also* ECF No. 14-2 at 6, lines 5–6; 7, lines 8–14; 8, lines 2 & 16–20; 9, lines 2–13; 10, lines 1–9 & 19–24; 11; 13, lines 3–4 & 23–24; 14, at 1–8; 20, lines 1–15; 21, lines 13–14; 22 lines 12–17; 23, lines 11–20; & 24, lines 3–10.)

///

---

[2]In the record materials cited in the text, state postconviction counsel argued that the expert testimony presented at the state court evidentiary hearing established, as a matter of fact, that the later in-court identification testimony was tainted and rendered unreliable by the suggestive photo lineup. However, postconviction counsel never argued that the legal premise accepted by the state courts–that the in-court identification testimony still would have been admissible even after a successful due process challenge to the photo lineup–was fundamentally flawed as a matter of law under controlling Supreme Court precedent.

It thus would appear to be arguable that a claim in federal court instead alleging that trial counsel was ineffective for failing to challenge the photo lineup *and the in-court identification evidence* on due process grounds would fundamentally alter the flawed claim instead presented to the state courts.

With regard to Ground 4, the Court therefore would like to receive briefing and argument directed to, *inter alia*, the following points:

1) Whether a claim in federal court that trial counsel was ineffective for failing to challenge the photo lineup and the in-court identification evidence on due process grounds would fundamentally alter the flawed claim presented to the state courts and thus render the claim a new and actually unexhausted claim;

2) Whether any pleading amendment is necessary to present such a claim given the prior pleadings in this action, and, if so, whether such an amendment would relate back;

3) Whether, if the claim is a new and actually unexhausted claim, the claim nonetheless would be technically exhausted by procedural default on the premise that the only potential basis for overcoming the procedural default would be under *Martinez v. Ryan*, 566 U.S. 1 (2012), which the Nevada state courts do not follow;

4) Whether, if the Court were to apply *Martinez*, it should find that state postconviction counsel rendered ineffective assistance of counsel in the state district court under the *Strickland* standard by presenting an inherently flawed claim, failing to understand the governing law, and failing to properly argue that law in the district court;

///
///
///
///
///

5) Whether, in connection with a *de novo* review of the *Martinez* issue and the intertwined ineffective-assistance claim, an evidentiary hearing should be ordered;[3] and

6) What evidence potentially would be presented at any such evidentiary hearing.

## II. ISSUES PERTAINING TO GROUND 3

In Ground 3, Yowell alleged that he was denied effective assistance of trial counsel when counsel failed to present testimony from an eyewitness identification expert. (ECF No. 23 at 36–43; ECF No. 58 at 16–18.)

The Court previously held that Ground 3 in the second amended petition (ECF No. 23) did not relate back to a timely-asserted claim. (ECF No. 54 at 4.) Respondents nonetheless responded–extensively–to the claim on the merits in their answer. (ECF No. 55 at 15–22.) Petitioner therefore insists that Respondents waived their prior timeliness objection to the claim. *Cf. Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (a failure to raise an affirmative defense in the first responsive pleading waives the defense, but a dispositive motion is not a pleading). Yowell thus also addresses the claim on the merits in the reply. (ECF No. 58 at 16–18.)

In addition to the possible waiver of the time-bar defense, the Court is inclined to revisit its prior holding that Ground 3 does not relate back to a timely claim. The Court notes the potential tension between its holding in this case and holdings on the relation-back issue in analogous circumstances in other cases in this District. *Cf. Leonard W. Hill v. Brian Williams*, No. 2:17-cv-00155-APG-VCF, 2019 WL 3366105, at *4–*6 (D. Nev. July 25, 2019); *Jacob Smith v. Isidro Baca*, No. 3:14-cv-00512-MMD-VPC, ECF No. 30, at 2–3 (D. Nev. Nov. 14, 2017); *Priscella Saintal v. Sheryl Foster*, No. 2:13-01295-APG-VCF, ECF No. 44 at 2–3 (D. Nev. Sept. 25, 2017). Ground 3 was dismissed as untimely based on a finding that the ineffective-assistance claim did not relate back to a prior claim

///

---

[3] *See Jones v. Shinn*, 943 F.3d 1211, 1220–22 (9th Cir. 2019); *James David McClain v. Robert LeGrand*, No. 3:14-cv-00269-MMD-CLB, 2019 WL 6829950, at *3–*5 (D. Nev. Dec. 13, 2019).

challenging the identification evidence due to the suggestive photo lineup. (*See* ECF No. 54 at 4.) That conclusion perhaps is debatable. Arguably, both claims were tied to the same common core of operative fact–the allegedly unnecessarily suggestive photo lineup–and the claim that trial counsel also should have challenged the identification evidence tied to the photo lineup with an identification expert arguably presents only a different legal theory tied to that same core of operative fact.

Further, given the parties' discussion of Ground 3 (regarding trial counsel's failure to retain an expert) within their discussion of Ground 4 (regarding his failure to object to identification evidence) in the answer and reply, there would appear to be an inherent logical connection between the two claims. That is, the question that naturally follows from both parties' discussion of the claims together almost as one is whether trial counsel was ineffective for failing to use the expert to challenge the introduction of all of the identification evidence in a pretrial motion in limine, with the prospect of thereby potentially ending the trial even before it began.

However, even if such a claim has been explicitly alleged on federal review (which may or may not be the case), it is subject to question—given the discussion above of Ground 4—whether state postconviction counsel ever presented a claim to the state courts that trial counsel should have utilized an expert to support a challenge to all of the identification evidence prior to trial. As discussed previously, it does not appear that state postconviction counsel alleged that trial counsel should have raised a due process challenge to all of the identification evidence rather than just the photo lineup itself. Consistent with such a flawed and limited claim *vis-à-vis* Ground 4, it appears that with respect to Ground 3, state postconviction counsel similarly suggested only that (a) a pretrial motion to suppress "the photographic lineup" would have been filed if trial counsel had retained an expert, and (b) the expert would have been an asset during trial in contesting the reliability of the identification evidence before the jury. (*See* ECF No. 14 at 14–16.)

///

Similar to Ground 4, the Court therefore would like to receive briefing and argument directed to, *inter alia*, the following points regarding Ground 3:

1) Whether Ground 3 as currently alleged in any event relates back to a timely claim;

2) Whether a claim that trial counsel was ineffective for failing to use an identification expert to challenge the introduction of all of the identification evidence in a pretrial motion in limine is presented in the current federal pleadings;

3) Whether any such claim—if not previously specifically alleged herein-- would relate back to a timely claim if an amended petition were filed;

4) Whether any such claim would fundamentally alter the arguably more limited claim instead presented to the state courts and thus render the claim a new and actually unexhausted claim;

5) Whether, if the claim is a new and actually unexhausted claim, the claim nonetheless would be technically exhausted by procedural default on the premise that the only potential basis for overcoming the procedural default would be under *Martinez*;

6) Whether, if the Court were to apply *Martinez*, it should find that state postconviction counsel rendered ineffective assistance of counsel in the state district court by presenting a more limited claim, failing to understand the governing law, and failing to properly argue that law in the district court;

7) Whether, in connection with a *de novo* review of the *Martinez* issue and the intertwined ineffective-assistance claim, an evidentiary hearing should be ordered; and

8) What evidence potentially would be presented at any such evidentiary hearing.[4]

---

[4]Yowell refers in the federal reply to studies and research on eyewitness identification. (*See* ECF No. 58 at 7–8, 10.) Yowell does not cite to the location of these

9

**III.   CONCLUSION**

It is therefore ordered that the Court will hear oral argument on the petition in this matter at a time and date to be scheduled by a separate minute order, with the Attorney General to ensure that Petitioner is transported to Reno for the hearing.

It is further ordered that the parties will file prehearing briefs up to 20 pages in length to address the points identified herein within 30 days from entry of this order.

DATED THIS 7th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

studies in the state court record. Even on a possible *de novo* review in federal court, it is not clear to the Court that such studies are independently admissible and probative simply via citation by counsel rather than via, perhaps, associated expert testimony. Moreover, material published after the February 2007 trial would not have been available to trial counsel at the relevant time.