UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT STEVEN YOWELL,<br><br>                Petitioner,<br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>                Respondents. | Case No. 3:15-cv-00318-MMD-WGC<br><br>ORDER |

Following upon the hearing held on February 18, 2020 ("Hearing") as directed in the Court's January 7, 2010 order ("Prehearing Order") (ECF No. 59 at 10), the Court will grant Petitioner Robert Steven Yowell's requests, in the prehearing briefing (ECF No. 61 at 4–5) and reiterated at the Hearing, for leave to amend to file a second amended petition.

Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

It does not appear that amendment necessarily would be futile here. There may well be contested procedural issues regarding, *inter alia,* relation back, exhaustion and procedural default as Respondents advanced in their prehearing brief (ECF No. 63 at 6–

///

///

11) and reiterate at the Hearing. However, the fact that these issues are subject to debate at this point leads to a conclusion that futility of amendment is not established on the present record. The Court expresses no definitive opinion as to the ultimate resolution of any such issues, which remain subject to further litigation per the schedule set herein.

The record further does not reflect bad faith or dilatory motive on Yowell's part. As is generally the case with noncapital petitioners, there is no indication in the record that Yowell has sought any objective other than his release from custody as expeditiously as possible. *Cf. Lawrence v. Florida*, 549 U.S. 327, 344 & n.9 (2007) (Ginsburg, J., dissenting) ("Most prisoners want to be released from custody as soon as possible, not to prolong their incarceration. They are therefore interested in the expeditious resolution of their claims . . . . Though capital petitioners may be aided by delay, they are a small minority of all petitioners."); *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir.2010), *vacated for reconsideration on other grounds*, 562 U.S. 1196 (2011) (petitioner "had not engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant"). Nor does the record in this case present a situation where a party has been given multiple opportunities to correct deficiencies by amendment but has been unable to do so.

It further does not appear that Respondents would be subjected to undue prejudice by the amendment. The State of Nevada undeniably also has a substantial interest in the expeditious resolution of habeas matters seeking to call the validity of a state criminal conviction into question. The Court does not find that undue prejudice will be sustained, over and above the prejudice always inhering in a continued challenge to a criminal conviction, particularly given the remaining considerations discussed herein.

Finally, while there has been substantial delay with only limited justification, the Court does not find that this factor should be given determinative weight in the present case. In the final analysis, the Court finds, given the discussion of the issues in the Prehearing Order and at the Hearing, that "justice so requires" grant of leave to amend so that it can be assured that the matter is decided under the proper governing legal

principles, upon an adequate record, and, above all, justly. Grant of leave to amend to further seek to present and substantiate Yowell's claims is warranted given, *inter alia*, the fact that the identification evidence upon which he was convicted is subject to substantial arguable challenge and that evidence further is the only evidence of significance linking him to the offense as the charged perpetrator.

It is therefore ordered that Yowell will have until March 9, 2020, to provide Respondents a copy of his expert's report, that Respondents will have until April 27, 2020, to depose Yowell's expert, that Respondents will have until May 15, 2020, to designate any rebuttal expert and provide Yowell a copy of that expert's report, and Yowell will have until June 15, 2020, to depose any rebuttal expert.

It is further ordered that Yowell will have until March 30, 2020, to file a second amended petition. Given that issues clearly have been raised as to technical exhaustion by procedural default, Yowell will include within the pleading: (a) allegations specifically setting forth all legal and factual bases upon which he relies to overcome the procedural default, whether under *Martinez v. Ryan*, 566 U.S. 1 (2012), and/or otherwise; and (b) specific factual allegations setting forth how he satisfies the requirements of *Martinez* and/or any other basis relied upon to overcome the procedural default. That is, the pleading, *inter alia*, will give Respondents and the Court full notice of the specific legal and factual bases upon which Yowell relies to overcome the procedural default. Yowell will not leave it to his reply to fully inform Respondents and the Court of his specific legal and factual bases for overcoming the procedural default.

It is further ordered that Respondents will have until May 15, 2020, within which to respond by an answer that consolidates all of Respondents' procedural defenses together with their response also on the merits, including addressing all applicable issues under *Martinez*.

It is further ordered that Yowell will have until June 15, 2020, to file a reply.

It is further ordered, given the age of this case, that any requests for extension of time with respect to any deadline in connection with this order are strongly discouraged.

3

Any such requests for extension of time based upon scheduling conflicts with matters in this or any other court, including the Ninth Circuit, must show that (a) if the scheduling conflict is with a matter in this District, the other matter was filed prior to the original filing date of this matter; or (b) if the scheduling conflict is with a matter in any other court, including the Ninth Circuit, counsel has specifically timely copied the other court with this order and that court has both acted upon and denied a timely request for an extension of time in that court that was sought in full or in part based upon the time demands placed upon counsel by this order. A copy of the extension denial order(s) in the other court(s) must be attached with the motion for an extension of time.

It is further ordered, subject to the foregoing, that an evidentiary hearing date is set for **August 25, 2020, at 9 a.m., in Courtroom 5** of the Bruce R. Thompson Federal Courthouse, 400 S. Virginia Street, Reno, Nevada, on all legal and factual issues pertaining to Petitioner's claims.

It is further ordered that counsel for the parties will complete the following prehearing procedures:

1. **Exchange of Preliminary Witness and Exhibit Lists and Stipulations.** No later than 21 days prior to the hearing, counsel will confer together either in person or by telephone and will (a) exchange preliminary exhibit and witness lists, (b) exchange (either in person or indirectly such as via mail, email or fax) any exhibits not already possessed by opposing counsel, and (c) discuss stipulations as to authenticity and any evidentiary objections. Petitioner must use numerals 1 through 499 and Respondents must use numerals 500 through 999. The exhibits are to be listed on a form provided by the Clerk's Office, and may be computer-generated if they conform to the requirements of the form that is provided by the Clerk.

2. **Final Witness and Exhibit Lists and Evidentiary Objections.** No later than 14 days prior to the hearing, counsel will jointly file a consolidated final list of the witnesses and exhibits to be offered jointly and/or by each party and which will

further identify any evidentiary objections that may be anticipated in advance of the hearing. No party will be allowed to introduce over objection any witness or exhibit not listed in the final witness and exhibit list, except that a party may file a supplement no later than seven days prior to the hearing listing evidence in response to any witness or exhibit identified for the first time in the final list. No objection that may be anticipated in advance of the hearing will be preserved unless raised in the final list.

3. **Length of Hearing and Other Housekeeping Matters.** The Court anticipates that the hearing possibly may take up to a full day. If counsel anticipate that the hearing will run longer than one full day, or have other housekeeping matters to address regarding the hearing, they will contact Courtroom Administrator Peggie Vannozzi regarding the same no later than 14 days prior to the hearing.

4. **Prisoner Transport Order and Subpoenas of Non-Prisoner Witnesses.** No later than 14 days before the hearing, Petitioner's counsel will submit an order to transport prisoner to secure Petitioner's presence at the hearing; and any party wishing to call any other prisoner to testify similarly will submit an order to transport prisoner by that date. No continuance will be granted for failure to secure the attendance of the petitioner or any other prisoner unless an order to transport prisoner was timely sought. Similarly, no continuance will be granted for failure to secure the attendance of a non-prisoner witness who was not seasonably subpoenaed. Each prisoner-transport order will include the following sentence as the final paragraph: "The Clerk of Court additionally will provide a copy of this order to the Marshal's Reno office."

5. **Prehearing Briefs.** No later than seven days prior to the hearing, counsel for Petitioner and for Respondents each will file a prehearing brief setting forth the evidence that they expect to present at the hearing together with their legal

///

///

argument regarding the issues to be raised by the anticipated evidence presented by the parties at the hearing.[1]

6. **Exhibit Binders.** Seven days before the hearing, counsel for Petitioner and for Respondents each will provide to the Courtroom Administrator one binder or set of exhibit binders; and (2) an electronic copy of the same on a thumb drive.

DATED THIS 18th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Counsel should not assume that post-hearing briefs will be permitted as the Court will be seeking to resolve this case timely following the hearing.