# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROBERT STEVEN YOWELL,

    Petitioner,

v.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:15-cv-00318-MMD-WGC

ORDER

Before the Court are Yowell's motion for deposition in lieu of live testimony (ECF No. 79) and motion to allow his expert witness to testify via video conference at this Court's evidentiary hearing scheduled for August 25, 2020. (ECF No. 80.) Respondents opposed the former motion but filed a non-opposition to the latter motion. (ECF Nos. 82, 83.) Yowell replied to the opposition. (ECF No. 84.)

In his motion to allow his expert witness, Dr. Malpass, to testify via video conference, Yowell explains that Dr. Malpass has several health conditions that put him at a higher risk for negative health outcomes should he contract COVID-19. (ECF No. 80 at 2.) As such, Dr. Malpass, who lives in El Paso, Texas, intends to stay home and avoid all travel until a vaccine is available to him or until the infection rate has been close to zero for at least a period of weeks. (*Id.*) Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Due to current COVID-19 concerns, the fact that Dr. Malpass lives in Texas, and Respondents' lack of an objection, this Court finds good cause to allow Dr. Malpass to testify via video conference at the August 25, 2020, evidentiary hearing.

///

Turning to Yowell's motion for deposition in lieu of live testimony, Yowell requests permission to conduct a videotaped deposition of Harold Kuehn, his trial counsel, for the purpose of admitting the deposition in lieu of live testimony at this Court's evidentiary hearing. (ECF No. 79 at 2.) Yowell bases his request on the fact that he cannot subpoena Kuehn to attend the evidentiary hearing, as Kuehn, who resides in Ocala, Florida, does not live within 100 miles of the location of the hearing. (*Id.* at 2–3 (citing Fed. R. Civ. P. 45(c)(1)(A) (stating that "[a] subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person")).)

Respondents opposed the motion, arguing (1) that Yowell's motion should be considered a motion in limine and dismissed due to Yowell's failure to comply with meet-and-confer requirements; (2) Yowell fails to demonstrate a basis to expand the record in this matter since Kuehn testified at Yowell's post-conviction evidentiary hearing at the state district court in 2013; and (3) traveling to Florida to conduct a deposition is costly and may be currently impossible due to COVID-19 concerns, or, alternatively, Respondents will be placed at a disadvantage if forced to attend the disposition via videoconference. (ECF No. 83 at 2–3.) Yowell rebutted (1) that if this Court agrees that his motion for deposition is a motion in limine, he should be given an opportunity to fulfill the meet-and-confer requirements; (2) that Kuehn's proposed testimony concerns Yowell's claims in Ground One of his second amended petition, which was not the subject of the post-conviction evidentiary hearing before the state district court; and (3) that Yowell will bear the cost of the deposition and ensure that the State can appear remotely. (ECF No. 84 at 2–3.)

Local Rule 16-3(a) provides that "[m]otions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action." This Court is not persuaded that Yowell failed to follow Local Rule 16-3(a), as it is not clear that Yowell's motion for deposition in lieu of live testimony should be considered a

1  motion in limine. *See Black's Law Dictionary* (11th ed. 2019) (defining motion in limine as
2  "[a] pretrial request that certain inadmissible evidence not be referred to or offered at
3  trial"); *see also* Local Rule 16-3(a) (explaining that "[m]otions in limine must identify the
4  particular evidence or argument to be excluded and state the constitutional, statutory, or
5  regulatory reasons why the evidence is inadmissible or the argument is inappropriate").
6  Rather, Yowell's motion is simply an outgrowth of the subpoena process.

7  Federal Rule of Civil Procedure 32(a)(4)(B) provides that "[a] party may use for
8  any purpose the deposition of a witness, whether or not a party, if the court finds . . . that
9  the witness is more than 100 miles from the place of hearing." Based on this rule and
10 Kuehn's current residential location, this Court finds that a video deposition of Kuehn is
11 appropriate in lieu of his live testimony at the evidentiary hearing.

12 Regarding the necessity of Kuehn's testimony at the evidentiary hearing, it is
13 readily apparent to this Court that Kuehn's further testimony is needed and will not be
14 entirely cumulative. At the time of the state court evidentiary hearing, Yowell's trial
15 counsel and post-conviction counsel were operating under fundamental misconceptions
16 about how the basic underlying law worked. Accordingly, Yowell should be able to
17 examine his trial counsel based upon a correct understanding of the law. Further, Yowell
18 should be able to examine his trial counsel in a manner that develops his *Martinez*
19 argument, as Yowell's ineffective-assistance-of-trial-counsel claim and ineffective-
20 assistance-of-post-conviction-counsel argument overlap.

21 Although travel restrictions are slowly being lifted due to COVID-19 concerns, it is
22 not clear to this Court that it will be possible for the parties to travel to Florida in order to
23 conduct Kuehn's video deposition in the next few months. For this reason, it appears that
24 attending the video deposition remotely may be a necessity. Due to Respondents'
25 concerns about being disadvantaged by attending the video deposition remotely, this
26 Court deems it only fair that both parties attend the video deposition remotely. *See* Fed.
27 R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a
28 deposition be taken by telephone or other remote means."). Moreover, due to the

likelihood that the Nevada Department of Corrections will have COVID-19-related travel restrictions for inmates still in place at the time of the video deposition and, even if such travel restrictions have been lifted, the transportation of Yowell to a location where the remote deposition will take place is uncertain, Yowell should be found to be inherently waiving his own personal presence for the video deposition by moving forward—subsequent to this order—with the video deposition.[1]

It is therefore ordered that Yowell's motion for deposition in lieu of live testimony (ECF No. 79) is granted in accordance with the terms of this order.

It is further ordered that Yowell's motion to allow his expert witness to testify at the evidentiary hearing via video conference (ECF No. 80) is granted.

DATED THIS 29th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] These logistical concerns demonstrate why it would have been prudent for Yowell's counsel to have conferred with Respondents' counsel prior to filing the instant motion even if Local Rule 16-3(a) was not applicable.

4